[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} In his appeal, appellant Will Thomas challenges the sentence that the trial court imposed. Thomas pleaded no contest to a third-degree-felony violation of R.C. 2921.33(B), failure to comply with a police officer's signal. The trial court imposed the minimum prison term (if prison is imposed at all) of one year. Thomas challenges the imposition of the prison term, arguing that the trial court failed to give its findings to support why it was sentencing him to prison. We affirm.
 {¶ 3} The facts of the case are as follows. After being stopped for a possible driving-under-the-influence violation, Thomas sped away, eventually colliding with another vehicle and a pole.
 {¶ 4} There is no presumption for or against a prison term for the third-degree felony involved in this case. In determining whether to impose a prison term, the trial court must comply with the purposes and principles of sentencing under R.C. 2929.11 and consider the seriousness and recidivism factors under R.C. 2929.12. Along with the factors set forth in the felony-sentencing statutes, other factors to be considered are set forth in R.C. 2921.33.1(C)(5)(b).
 {¶ 5} The trial court continued Thomas's sentencing hearing two times in order to obtain a complete presentence-investigation report and to have Thomas evaluated for placement in a treatment facility for alcohol abuse. We have before us the transcripts of the sentencing hearing and two identical copies of the last two pages of the felony-sentencing worksheets. The worksheets provide us with no guidance.
 {¶ 6} But the trial court stated on the record that Thomas had several juvenile offenses, prior adult convictions, unsuccessful probation, and a prior DUI. Further, it is uncontested that Thomas crashed into a light pole and another vehicle, causing serious physical damage to property. The trial court noted that the police officer at the scene stated that Thomas had been traveling at 80 miles per hour, and that it was "amazing" that no one was killed. It also commented on Thomas's uncooperativeness with the police and his lack of concern for others.
 {¶ 7} We conclude that the trial court properly considered the need to punish Thomas and to protect the public from Thomas's future crime, as required under R.C. 2929.11. We also conclude that the record reflects that the trial court properly considered relevant factors concerning the seriousness of Thomas's offense and the likelihood of his recidivism, along with the applicable factors in R.C. 2921.331(C)(5)(b).
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Painter, JJ.